UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUANGYU WANG, | ) |
| Plaintiff, | ) |
| v. | ) 03:12-CV-00498-LRH-VPC |
| UNIVERSITY OF NEVADA, RENO, et al., | ) ORDER |
| Defendants. | ) |

This is an employment dispute. Before the court is defendant University of Nevada, Reno's ("UNR's") Motion to Dismiss (#9). Pro se plaintiff, Guangyu Wang, has responded to this Motion (#12, #15, #20, #22), and UNR has replied (#19). Wang has also filed a Motion to Amend his Complaint (#23), to which UNR has responded (#25), and Wang has replied (#26). Wang has also requested "expedited processing" of his case (#27).

## I. Facts and Procedural History

Wang is a Research Assistant Professor of Pharmacology employed by UNR's School of Medicine. On June 15, 2012, Wang was notified that his employment would terminate in six months. He filed this action on September 18, 2012. Construing Wang's Complaint liberally, Wang claims that this termination breached several employment contracts and that his employer created a hostile work environment.[1] (*See* Complaint (#1), p. 6 (identifying several promises and contracts that were "breached" as well as his "unfair" treatment).)

---

[1] Wang also alleges that he was discriminated against, but he does not identify on what basis. (Complaint (#1) at p. 6.)

## II. Legal Standard

### A. Motion to Dismiss

UNR seeks dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), and (6). Rule 12(b)(1) provides that a motion to dismiss may be grounded in the court's lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction: they may only hear cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 377 (1994). Diversity jurisdiction exists where the dispute is between citizens of different states, or between citizens of a state and citizens or subjects of a foreign nation. *See* 18 U.S.C. § 1332(a).[2] The locus of state citizenship for the purpose of diversity jurisdiction is where the individual is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).

A plaintiff bringing a federal case bears the burden of proving the grounds of the court's jurisdiction. *Id*. Without a properly alleged basis for diversity jurisdiction, there is no diversity jurisdiction. *Rilling v. Burlington N. Railroad Co.,* 909 F.2d 399, 400 (9th Cir. 1990) (finding no diversity jurisdiction where the plaintiff made no allegations respecting citizenship of defendant).

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course" up to twenty-one days following service of a motion under Rule 12(b). However, filing an unnecessary motion for leave to amend effects a waiver of the matter-of-course amendment right and confers discretion on the court to deny the motion. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 8701 (11th Cir. 2010). Under Rule 15(a)(2), the court "should freely give leave [to amend] when justice so requires." And "justice so requires" in most cases, excepting

///
///

---

[2] This formulation ignores the amount-in-controversy requirement, which Wang has satisfied with his $1,000,000 damages request.

circumstances where the amendment would be futile.[3] *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). In assessing futility, a court applies the same standard governing a motion to dismiss under Rule 12(b)(6). *See Adorno v. Crowley Towing and Transportation Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a

---

[3] *See also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

3

formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.  Discussion

#### A.  Motion to Dismiss

Since Wang has failed to allege his own citizenship, and since it appears that Wang is domiciled in Nevada,[4] Wang has not carried his burden to establish the basis of diversity jurisdiction. *See Kantor,* 704 F.2d at 1090. This failure is "fatal" to this court's jurisdiction over Wang's claims. *See Kanter v. Warner–Lambert*, 265 F.3d 853, 857-58 (9th Cir. 2001). Moreover, accepting as true Wang's allegations, his claims sound in contract and tort–the domain of state law–and therefore federal question jurisdiction is not available. 28 U.S.C. § 1331; *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1972) (holding that the basis for federal question jurisdiction must be apparent "upon the face of the complaint"). Thus, while Wang is free to seek redress in Nevada's courts, this court lacks the power to decide his claims.[5]

///

---

[4] *See* Complaint (#1) at p. 5 ("Therefore, I spent at least $5000 moving my whole family to Reno, Nevada and never got any reimbursement for the moving expenses."). Notably, even if Wang is a permanent resident (and not a citizen of the United States), the state of domicile controls the diversity jurisdiction question. *See* 28 U.S.C. § 1332(a)(2).

[5] Wang's unsupported argument that a state court will be favorable to a state entity like UNR is insufficient to grant this court subject matter jurisdiction. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] federal court is powerless to act beyond its statutory grant of subject matter jurisdiction.").

### B. Motion to Amend

In response to UNR's Motion to Dismiss, Wang filed a Motion to Amend in which he added claims under federal law, including a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a claim alleging discrimination on the basis of national origin and race under Title VII, 42 U.S.C. 2000e-2.[6] However, Wang cannot prove facts that would constitute a valid federal claim under either the FLSA or Title VII. Therefore, Wang's Motion to Amend is futile and must fail. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

First, Wang is a "professional" employee under the FLSA, and thus he is exempt from the statute's minimum wage and maximum hour requirements. The FLSA exempts "employee[s] employed in a bona fide executive, administrative, or professional capacity" from these provisions. The term "employees employed in a professional capacity" includes employees "whose primary duties require 'knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.'" *Solis v. Washington*, 656 F.3d 1079, 1084 (9th Cir. 2011) (quoting 29 C.F.R. § 541.300(a)(2)(i)).

Here, Wang clearly satisfies the professional employee exception to the FLSA. As a research professor in UNR's pharmacology department, Wang's work involves the application of (1) advanced knowledge (2) in a field of science that is (3) customarily acquired by a prolonged course of specialized intellectual instruction. *See* 29 C.F.R. § 541.301 (defining the "learned professional exemption"). Moreover, Wang is a salaried employee defined as "professional staff" by the Nevada System of Higher Education Code. NHSE Code, Title 4, Ch. 3, § 2(1) (2012), *online at* http://system.nevada.edu/tasks/sites/Nshe/assets/File/BoardOfRegents/Handbook/COMPLETE%20HANDBOOK%20REV_%20253.pdf; *see also Boykin v. Boeing Co.*, 128 F.3d 1279, 1281 (9th Cir. 1997) (noting that professional duties and compensation on a salary basis warrant classification

---

[6] Wang asserts that his national origin is Chinese and his race is Asian. (Motion to Amend (#23), p. 2, ¶ 5.) Wang's discrimination claim is most reasonably construed as a Title VII employment discrimination claim.

as a professional under the FLSA). Therefore, Wang is exempt from the protections of the FLSA, and amendment to include this claim would be futile.

For similar reasons, Wang's attempt to include a discrimination claim must fail. In order to bring a discrimination claim under Title VII in federal court, Wang must first exhaust his administrative remedies by either "filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *See Freeman v. Oakland Unified School District*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002)). Here, Wang did not file a complaint with Nevada's Equal Rights Commission until November 1, 2012–several weeks after filing his Complaint in this court (and over a week after filing his Motion to Amend). (Defendant's Supplement to Opposition to Motion to Amend (#30), Ex. 1.) Wang has therefore failed to exhaust his administrative remedies regarding his discrimination claim; accordingly, Wang's Amended Complaint fails to state a discrimination claim for which relief may be granted. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

### IV. Conclusion

Wang's Complaint does not establish proper subject matter jurisdiction over this dispute, and his attempt to do so through his Amended Complaint is futile.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (#23) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#9) is GRANTED. Plaintiff's Complaint (#1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite (#27) is DENIED as moot.

IT IS SO ORDERED.

DATED this 15th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE